# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**GLOBAL CANDLE GALLERY**
**LICENSING COMPANY,**

    Plaintiff,

v.                                        Case No. 8:08-cv-2532-T-30TGW

**MICHELE NABOZNY and**
**BRIAN KOLLAR,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Global Candle Gallery Licensing Company's Motion to Dismiss Counts 4, 5, and 7 of Kollar's Counterclaim and Incorporated Memorandum of Law (Dkt. 34) and Defendant Brian Kollar's Response to same (Dkt. 35). The Court, having reviewed the motion, response, and being otherwise advised of the premises, concludes that the Motion to Dismiss should be denied. The Court also concludes that Global Candle Gallery Licensing Company's alternative request that Kollar's antitrust counterclaims should be bifurcated and stayed should be granted.

## BACKGROUND

On December 19, 2008, Plaintiff Global Candle Gallery Licensing Company ("Global Candle") filed a complaint for utility patent and copyright infringement against Defendants Michele Nabozny ("Nabonzny") and Brian Kollar ("Kollar") (collectively "Defendants"). (Dkt. 1). Global Candle alleges that Defendants infringed United States Patent No.

7,004,752, entitled *Method of Forming a Candle with Multiple Peelable Color Layers* (the "'752 Patent), through their manufacture, use and sale, in this judicial district, of candles manufactured using the method claimed in the '752 Patent. Id. Global Candle also alleges that Defendants infringed Plaintiff's copyrighted works. Id.

On February 5, 2009, Nabozny filed an answer, affirmative defenses, and counterclaim against Global Candle. (Dkt. 9). On May 12, 2009, Kollar filed a motion to dismiss for lack of jurisdiction. (Dkt. 20). The Court reserved ruling on Kollar's motion to dismiss and granted Plaintiff sixty (60) days to conduct limited discovery on the issue of jurisdiction. (Dkt. 30). On September 17, 2009, Kollar filed a notice of withdrawal of his motion to dismiss for lack of jurisdiction. (Dkt. 32). On September 25, 2009, Kollar filed an answer, affirmative defenses, and counterclaim against Global Candle. (Dkt. 33). Kollar's counterclaim is materially identical to Nabozny's counterclaim. See Dkt. 9. Kollar's counterclaim is the subject of Global Candle's motion to dismiss, which was filed on October 15, 2009.[1] (Dkt. 34).

Specifically, Global Candle moves to dismiss Counts 4, 5, and 7 of Kollar's counterclaims. Counts 4 and 5 assert antitrust counterclaims against Global Candle. (Dkt. 33). Count 7 asserts an abuse of process counterclaim against Global Candle. Id. The counterclaims relate to Kollar's allegations that the '752 Patent was knowingly obtained by fraud and that it is invalid and unenforceable. Id. Kollar contends that Global Candle has

---

[1] Global Candle did not move to dismiss Nabonzny's counterclaim, but states that it will move for judgment on the pleadings as to Nabonzny's counterclaim (specifically Counts 4, 5, and 7) if Kollar's counterclaims are dismissed.

improperly asserted the '752 Patent in the relevant market to illegally inhibit competition and inhibit Kollar's sales therein. Id. Kollar's abuse of process counterclaim alleges that Global Candle filed this action for the improper, ulterior, and collateral purpose of disrupting Kollar's economic and business relationships. Id.

On November 2, 2009, Kollar filed his response to Global Candle's motion to dismiss. (Dkt. 35). Kollar argues that Counts 4, 5, and 7 comply with the pleading standards of Federal Rule of Civil Procedure 8 and contain sufficient facts to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court agrees that these claims are sufficient to withstand a motion to dismiss.

## **DISCUSSION**

**I.  Motion to Dismiss Standard**

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action,"

it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1959, 1965; see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding Twombly "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## II.     Antitrust Counterclaims - Counts 4 and 5

Global Candle argues that Kollar's antitrust counterclaims are subject to dismissal because Kollar has not sufficiently pled the relevant market and the claims do not establish antitrust injury. The elements of a claim of actual monopolization under Section 2 of the Sherman Act are "(1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." Morris Communications Corp. v. PGA Tour, Inc., 364 F.3d 1288, 1293-94 (11th Cir. 2004) (quoting United States v. Grinnell Corp., 384 U.S. 563, 570-71, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966)). The elements of a claim of attempted monopolization under Section 2 of the Sherman Act are "(1) the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly

power." Morris Communications, 364 F.3d at 1293 n. 10 (quoting Spectrum Sports, Inc. v. McQuillan, 506 U.S. 447, 456, 113 S.Ct. 884, 122 L.Ed.2d 247 (1993)).

"[T]he heart of a monopolization claim involves proof that the defendant has acquired or maintained an unlawful monopoly in the relevant market." Moecker ex rel. Vehicle Safety Systems, Inc. v. Honeywell Intern., Inc., 2000 WL 33996256, *2 (M.D. Fla. Sept. 20, 2000). Thus, "the definition of a relevant market is critical" to the survival of Section Two Sherman Act claims. Id. "The relevant market is defined by both a product and a geographic dimension." T. Harris Young & Assocs., Inc. v. Marquette Elec., Inc., 931 F.2d 816, 823 (11th Cir. 1991). "Defining a relevant product market is primarily a process of describing those groups of producers which, because of the similarity of their products, have the ability-actual or potential-to take significant amounts of business away from each other." U.S. Anchor Mfg., Inc. v. Rule Indus., Inc., 7 F.3d 986, 995 (11th Cir. 1993) (quotation and citation omitted). "The definition of the relevant market is essentially a factual question." Id. at 994; see also Andrx Pharms., Inc. v. Elan Corp., PLC, 421 F.3d 1227, 1236 (11th Cir. 2005) (recognizing that "antitrust cases are 'fact-intensive,' and require appropriate market analysis, and therefore are typically inappropriate for a Rule 12 dismissal") (quotations and citations omitted).

The Court concludes that Kollar's antitrust counterclaims sufficiently plead the relevant market. In Count 4, Kollar defines the relevant geographic market as the United States. (Dkt. 33). Kollar defines the relevant product market as "decorative candles manufactured according to a method of forming a candle with multiple peelable color

layers." Id. He further defines the relevant product market as "decorative candles manufactured according to the method described and claimed in the '752 Patent." Id. Similarly, in Count 5, Kollar defines the relevant geographic market as the United States and the relevant product market as "decorative candles manufactured according to the method described and disclosed in the '752 Patent." Id. At this stage, this is sufficient to satisfy the requirements of Federal Rule of Civil Procedure 8(a).

The Court also concludes that Kollar has sufficiently pled "antitrust injury." Antitrust injury is "injury of the type the antitrust laws were intended to prevent." Brunswick Corp. v. Pueblo Bowl-O-Mart, Inc., 429 U.S. 477, 489, 97 S.Ct. 690, 697, 50 L.Ed.2d 701 (1977) (quoting Zenith Radio Corp. v. Hazeltine Research, 395 U.S. 100, 125, 89 S.Ct. 1562, 1577, 23 L.Ed.2d 129 (1969)). Accordingly, antitrust injury naturally flows from that which makes a defendant's acts unlawful. Id. Therefore, the injury should reflect the anti-competitive effect either of the violation or of anti-competitive acts made possible by the violation. Id. Requiring a plaintiff to show that he or she has suffered antitrust injury is necessary because an antitrust plaintiff's injury should coincide with the public injury caused by the alleged violation. See Todorov v. DCH Healthcare Authority, 921 F.2d 1438, 1449-50 (11th Cir. 1991). Ensuring that a plaintiff's injury is similar to the injury experienced by society as a whole increases the likelihood that the private enforcement of the antitrust laws will further the goal of increased competition. Id. at 1450.

Here, Kollar's antitrust counterclaims allege that Global Candle's anti-competitive actions have "directly and proximately caused actual and foreseeable economic damages to

Kollar by diverting sales from Kollar to Global Candle and inhibiting Kollar from effectively competing in the relevant market." (Dkt. 33). Kollar also alleges that as a result of Global Candle's anti-competitive actions, Kollar has "suffered damages to his business, including the loss of present and future profits, and the loss of customers and potential customers." Id. Kollar states that Global Candle's anti-competitive actions have "wrongfully suppressed competition in the relevant market." Id. At this stage, the Court concludes that these allegations are sufficient to establish "antitrust injury."

Accordingly, Global Candle's motion to dismiss on the ground that Kollar's antitrust counterclaims fail to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is denied.

### III. Abuse of Process - Count 7

Global Candle moves to dismiss Kollar's abuse of process counterclaim (Count 7) because it "makes no serious allegations that the litigation was instituted for an improper purpose" and "merely parrot[s] the cause of action's requirements that the purpose is 'improper' or 'ulterior.'" (Dkt. 34). Under Florida law, "[a] cause of action for abuse of process requires a showing of willful and intentional misuse of process for some wrongful and unlawful object or collateral purpose," that is, it requires use of process in a manner or for a purpose for which it was not intended or a "perversion of the process after its issuance." Peckins v. Kaye, 443 So. 2d 1025, 1026 (Fla. 2d DCA 1983). "There is no abuse of process when the process is used to accomplish the result for which it was created, regardless of an

incidental or concurrent motive of spite or ulterior motive." Thomas McKinnon Securities, Inc. v. Light, 534 So .2d 757, 759 (Fla. 3d DCA 1988).

Count 7 alleges that Global Candle filed this action "for the improper, ulterior, and collateral purpose of disrupting Kollar's economic and business relationships," "for the improper, ulterior, and collateral purpose of eliminating competition," "in order to maintain [its] monopoly power," and to "improperly obtain a licensing fee of $25,000 from Kollar." (Dkt. 33). At this stage, given that the Court must accept the allegations as true, there are sufficient facts to plead a cause of action for abuse of process. However, the Court reminds the parties that it will apply Rule 11 sanctions if it is later determined that certain allegations in support of a claim were without any basis in fact.

Accordingly, Global Candle's motion to dismiss on the ground that Kollar's abuse of process counterclaim fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is denied.

**IV. Global Candle's Alternative Request that Kollar's Antitrust Counterclaims Should Be Bifurcated and Stayed**

Global Candle argues, in the alternative, that Kollar's antitrust counterclaims should be bifurcated and stayed because they "can only arguably become relevant if Kollar prevails in challenging the validity of the '752 Patent." (Dkt. 34). The Court agrees that Kollar's antitrust counterclaims should be bifurcated and stayed pending a determination of the '752 Patent's validity. Antitrust discovery is typically extensive, expensive, and requires the parties to hire special experts. Accordingly, this request is granted.

It is therefore ORDERED AND ADJUDGED that:

1. Global Candle Gallery Licensing Company's Motion to Dismiss Counts 4, 5, and 7 of Kollar's Counterclaim and Incorporated Memorandum of Law (Dkt. 34) is hereby DENIED.

2. Global Candle's alternative request that Kollar's antitrust counterclaims should be bifurcated and stayed until after patent infringement liability has been determined is hereby GRANTED. This ruling shall similarly apply to the antitrust counterclaims asserted by Nabozny.

3. Global Candle shall file an answer to Kollar's counterclaim no later than fifteen (15) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on November 18, 2009.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-2532.mtdismiss.frm